**Ronald L. NATALE et al., Plaintiffs,**

v.

**Lester W. SCHWARTZ
et al., Defendants.**

**No. CIV. A. 98–3298.**

United States District Court,
E.D. Pennsylvania.

May 31, 2001.

Ronald L. Natale, Spring City, PA, Pro se.

Janet L. Natale, Pottstown, PA, Pro se.

Augustine L. Natale, Spring City, PA, Pro se.

Joseph N. Sciulli, Schwenksville, PA, for Plaintiffs.

Robert J. Sugarman, Daniel L. Garry, Sugarman & Associates, Philadelphia, PA, for Defendants.

### Memorandum and Order

YOHN, District Judge.

The plaintiffs, Ronald L. Natale, Janet L. Natale, Augustine L. Natale, and Kathleen Natale [collectively "plaintiffs"], brought this suit against defendants Lester W. Schwartz, Eleanor Morris, and French and Pickering Creeks Conservation Trust, Inc., its board members, directors, officers, successors, and assigns [collectively "defendants"], claiming the defendants violated their civil rights under 42 U.S.C. §§ 1983 and 1985, and asserting a number of state law claims. Pending before the court is the defendants' motion for summary judgment. Defs.' Mot. for Summ. J. (Doc. No. 82). After considering defendants' motion, plaintiffs' response in opposition, Pls.' Resp. to Defs.' Mot. for Summ. J. (Doc. No. 83), defendants' reply, Defs.' Reply to Pls.' Opp'n to Defs.' Mot. for Summ. J. (Doc. No. 86), and other evidence submitted by the parties, I con-clude that the defendants are entitled to summary judgment.

### FACTUAL BACKGROUND

Plaintiffs are the record owners of a tract of land located in East Vincent Township, Chester County, Pennsylvania. *See* First Am. Compl. ¶ 10. On April 5, 1989, plaintiffs acquired title in the tract of land subject to a conservation easement or restrictive covenant. *See id.* ¶¶ 10 & 93.[1] On November 9, 1989, the Building Inspector of East Vincent Township issued the plaintiffs a permit to build a house on the property. *See* Second Am. Compl. ¶ 5; Pet. for Review of the Issuance of and for a Stay Restraining Any Use of a Demolition Permit Ex. B (Doc. 82, Ex. M2). After plaintiffs obtained the permit, defendants instituted a lawsuit in state court to prevent the plaintiffs from building the farmhouse. *See* First Am. Compl. ¶ 116. During the pendency of the state court litigation, the plaintiffs built a 4900 square foot house. *See* Order of Sup.Ct. of Pa., Oct. 1993 (Doc. No. 82, Ex. C). Ultimately, the state court litigation resulted in court orders requiring the plaintiffs to vacate their house and remove it from the property, or, should the plaintiffs refuse to remove it, authorizing the defendants to do so. *See* Order of Judge Sanchez, Chester County Ct. C.P., Oct. 22, 1998 (Doc. No. 82, Ex. H); Order of Judge Sanchez, Chester County Ct. C.P., Sept. 17, 1998 (Doc. No. 82, Ex. G); Order of Judge Sugerman, Chester County Ct. C.P., July 17, 1997 (Doc. No. 82, Ex. E).

On November 20, 1998, the Building Inspector of East Vincent Township issued the defendants a demolition permit. *See*

---

1. The conservation easement or restrictive covenant in the plaintiffs' deed reads as follows:

> The use of the premises hereby conveyed shall be restricted to farming or for use as a wildlife sanctuary or nature conservation area and for the study of natural history. No buildings shall be placed thereon other than small buildings accessory to such uses. *See* Deed (Doc. No. 82, Ex. A.).

First Am. Compl. ¶ 117; Pet. for Review of the Issuance of and for a Stay Restraining Any Use of a Demolition Permit Ex. C (Doc. 82, Ex. M2). This permit authorized demolition of the plaintiffs' house without securing the plaintiffs' presence or giving them notice. *See* First Am. Compl. ¶¶ 117–121; Second Am. Compl. ¶¶ 17, 44, & 51. Defendants did not notify the plaintiffs that they had applied for a demolition permit. *See* Second Am. Compl. ¶ 19. The demolition permit was not reviewed by the East Vincent Township Zoning Hearing Board ["Zoning Hearing Board"]. *See id.* ¶¶ 18 & 23.

On November 23, 1998, crews from PECO Energy disconnected electrical service to the property. *See* First Am. Compl. ¶ 19. A demolition contractor then entered plaintiffs' land and demolished plaintiffs' house, its contents, and their well. *See id.* ¶¶ 19 & 100.

## PROCEDURAL BACKGROUND

On June 26, 1998, plaintiffs filed a pro se complaint raising a wide variety of claims against various defendants. *See* Compl. (Doc. No. 1). After retaining an attorney, plaintiffs filed a wide-ranging and confusing amended complaint containing a total of seventy-four counts against the current defendants. *See* First Am. Compl. (Doc. No. 46). Before considering the defendants' motion to dismiss the amended complaint, the court held oral argument for the purpose of clarifying the claims the plaintiffs were pursuing. *See Natale et al. v. Schwartz et al.*, No. CIV. A. 98–3298, 1999 WL 1134535, at *3 (E.D.Pa. Dec.10, 1999). On June 18, 1999, the court entered an order construing the amended complaint in the manner set forth by plaintiffs' counsel at oral argument so that the parties would have a structure on which to base their motions and discovery. *See* Order of June 18, 1999 (Doc. No. 55). In this order, the court dismissed Counts II and XV–LXXIV (15–74) as duplicative and unnecessary. *See id.* As a result, only thirteen counts remained, eight of which were state law claims. *See id.*

On December 10, 1999, the court granted in part and denied in part the defendants' motion to dismiss the amended complaint. *See Natale et al.*, 1999 WL 1134535. The court dismissed with prejudice Counts V.A, V.C, VI, and VII. *See id.* at *11. Although, the court also dismissed Counts III, IV, and V.B, it did so without prejudice and granted the plaintiffs leave to amend those counts. *See id.* The court declined to examine Counts I and VIII–XIV, the plaintiffs' state law claims, because the survival of the plaintiffs' federal causes of action was uncertain. *See id.* at *2.

Count III is a § 1983 claim based on a violation of the due process clause of the Fifth Amendment because the demolition permit was procured and the home was demolished without adequate notice and opportunity to be heard; Count IV is a § 1983 claim based on a violation of the due process clause of the Fifth Amendment because of the loss of their personal property, the loss of their well, and the loss of their wheat; and Count V.B is a § 1985(3) conspiracy claim based on violations of the Fifth Amendment due process clause because of the taking of their electricity and the enforcing of the demolition order. *See* Order of June 18, 1999 (Doc. No. 55).

The court dismissed without prejudice Counts III and IV because the plaintiffs failed to indicate the particular source of their right to notice and hearing. *See Natale et al.*, 1999 WL 1134535, at *5–6. Similarly, the court dismissed without prejudice Count V.B because, inter alia, the plaintiffs failed to allege that they were actually deprived of due process.

*See id.* at \*8. The court indicated that these counts would not survive unless the plaintiffs, in their second amended complaint, identified either: 1) the part or parts of either the East Vincent Township Zoning Ordinance ["Zoning Ordinance"] or the Pennsylvania Municipalities Planning Code that would require notice and hearing before the execution of duly obtained court orders requiring the demolition of a house, or 2) particular federal authority requiring notice and hearing before the execution of duly obtained court orders. *See id.* at \*4 n. 6 & \*8 n. 9.

On April 4, 2000, the plaintiffs filed a second amended complaint amending Counts III, IV, and V.B. *See* Second Am. Compl. (Doc. No. 70).[2] On April 28, 2000, the defendants filed a motion to dismiss the plaintiffs' second amended complaint on the sole ground that the defendants were not state actors. *See* Mot. to Dismiss Second Am. Compl. (Doc. No. 71). As the court noted after considering the defendants' motion, the defendants failed to raise several other potential deficiencies in the plaintiffs' three remaining federal claims. *See* Order of July 13, 2000 (Doc. No. 73). As a result, after the court concluded that the plaintiffs' allegations, if proved, were sufficient to establish that the defendants were state actors, the court refused the defendants' motion to dismiss the second amended complaint. *See id.*

Currently pending before the court is the defendants' motion for summary judgment. The defendants argue that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law on the plaintiffs' § 1983 and § 1985(3) claims. After setting forth the standard of review, I will evaluate the defendants' motion.

## STANDARD OF REVIEW

Either party to a lawsuit may file a motion for summary judgment, and it will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the movant bears the burden of persuasion at trial, the movant satisfies this initial burden by "identifying [the evidence] which it believes demonstrate[s] the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. Where the nonmovant bears the burden of persuasion at trial, the moving party may meet its initial burden and shift the burden of production to the nonmoving party "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548. Thus, summary judgment will be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548.

When a court evaluates a motion for summary judgment, "[t]he evidence of the

---

**2.** Despite the fact that the court dismissed with prejudice Count VI of the first amended complaint, a section of the second amended complaint is labeled "Count VI C." *See* Second Am. Compl. at 10. However, because the second amended complaint states that it "is respectfully submitted to amend Counts III, IV, and V.B of Plaintiff's First Amended Complaint," *id.* at ¶ 1, the court will interpret ¶¶ 60–104 of the second amended complaint as an attempt to amend Count V.B.

non-movant is to be believed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Additionally, "all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* At the same time, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n. 12 (3d Cir.1990). The nonmovant must show more than "[t]he mere existence of a scintilla of evidence" for elements on which he bears the burden of production. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus.Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted).

## DISCUSSION

The defendants argue that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law on the plaintiffs' § 1983 or § 1985(3) claims. In particular, the defendants maintain that the plaintiffs have failed to identify the specific zoning ordinance, municipal code, and/or any federal law which would require notice and hearing before execution of duly obtained court orders requiring demolition of a house. *See* Defs.' Mot. for Summ. J. ¶ 9 (Doc. No. 82). As a result, the defendants contend that judgment should be entered in their favor on Counts III, IV, and V.B because the plaintiffs have failed to identify any inadequacies in the state procedures which would constitute the alleged violations of plaintiffs' Fifth and Fourteenth Amendment rights to procedural due process. *See id.* ¶ 4.

## I. Counts III and IV

As noted above, Count III is a § 1983 claim based on a violation of the due process clause of the Fifth Amendment because the demolition permit was procured and the home was demolished without adequate notice and opportunity to be heard, and Count IV is a § 1983 claim based on a violation of the due process clause of the Fifth Amendment because of the loss of their personal property, the loss of their well, and the loss of their wheat. The defendants argue that summary judgment should be granted in their favor on Counts III and IV because the plaintiffs have not identified any inadequacies in the state procedures governing the execution of a duly obtained court order requiring demolition of the plaintiffs' house. The defendants assert that the plaintiffs had full and adequate due process in the state court proceedings that ultimately led to the court orders requiring the plaintiffs to remove the house from the property. *See* Defs.' Mot. for Summ. J. ¶ 7 (Doc. No. 82). The defendants also point out that the plaintiffs have failed to identify "any zoning ordinance, municipal planning code and/or any federal law which would create a right to additional notice before a demotion [sic] in execution of a final court order issues after a full hearing." *See id.* ¶ 9. Furthermore, the defendants claim that the plaintiffs had actual notice that the demolition permit was issued and, therefore, they had the opportunity to appeal the issuance of the permit. *See id.* ¶ 11.

In order to state a cause of action under § 1983 for a procedural due process violation, a plaintiff must claim not only that he was "deprived ... of a protected property interest," but also "that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process." *Midnight Sessions,*

*Ltd. v. City of Philadelphia,* 945 F.2d 667, 680 (3d Cir.1991)(citing *Parratt v. Taylor,* 451 U.S. 527, 537, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on different grounds by Daniels v. Williams,* 474 U.S. 327, 330–331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). As noted above, when the non-movant bears the burden of persuasion at trial, the moving party may meet its initial burden and shift the burden of production to the nonmoving party "by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548. As a result, summary judgment will be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548.

In a prior opinion, I pointed out that, in their first amended complaint, the plaintiffs alleged that the defendants deprived them of their protected property interests in their house, personal property, well, and growing wheat crop. *See Natale et al.,* 1999 WL 1134535, at *5. Thus, I concluded that the plaintiffs had pleaded the first element of a viable cause of action under § 1983. *See id.* However, I also noted that, in their first amended complaint, the plaintiffs failed to make any mention whatsoever of the state procedures available for challenging these deprivations, and, as a result, they had failed to state a cause of action under 42 U.S.C. § 1983. *See id.* In particular, I noted that the plaintiffs had failed to indicate the particular source of their right to notice and hearing and that Counts III and IV would not survive unless the plaintiffs, in their second amended complaint, identified "the specific zoning ordinance and the specific provision or provisions thereof, the specific provision or provisions of the municipalities planning code, and/or the particular authority under federal law on which the plaintiffs rely in their claims in Counts III and IV that further notice and hearing were necessary before the court orders were executed." *Id.* at *5 n. 6. Thus, the primary question for the court is whether, in their second amended complaint or other evidence submitted, the plaintiffs have established the existence of the second element of a viable cause of action under § 1983.

Fed.R.Civ.P. 56(e) provides that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party *may not rest upon the mere allegations or denials of his pleading,* but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts* showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed.R.Civ.P. 56(e)(emphasis added). Plaintiffs have failed to set forth specific facts in support of their procedural due process claims. First, the plaintiffs' second amended complaint is cluttered with conclusions of law instead of specific allegations of fact. Second, in their memorandum of law in opposition to defendants' motion for summary judgment, the plaintiffs failed to address the defendants' argument that the defendants are entitled to summary judgment because the plaintiffs have failed to allege the elements of a viable procedural due process claim. Not only have the plaintiffs failed to provide the court with any additional evidence from depositions, answers to interrogatories, admissions on file, affidavits, or any other source, they have also failed to provide the court with a counter-argument. Still, despite the plaintiffs' failure to comply with the clear dictates of Fed.R.Civ.P. 56, I have attempted to decipher the alle-

gations of fact in the second amended complaint and other evidence submitted that could establish a procedural due process claim under § 1983.

In support of their claims, the plaintiffs did attach a portion of the Zoning Ordinance to their second amended complaint. The plaintiffs point out that § 1601 of the Zoning Ordinance states that: "Hereafter, no land shall be used or occupied, and no building or structure shall be erected, altered, *demolished,* used or occupied, except in conformity with this Ordinance, and as it may be from time to time amended." Second Am. Compl. ¶ 49 (emphasis added). The plaintiffs also state that the demolition permit obtained by the defendants was not reviewed by the Zoning Hearing Board. *See id.* ¶ 18. Finally, the plaintiffs claim that they were "persons aggrieved" under the Zoning Ordinance and that, as a result, § 1611 of the Zoning Ordinance entitled them to a public hearing before the Zoning Hearing Board. *See id.* ¶ 23.

■ Counts III and IV fail as a matter of law for three reasons. First, the plaintiffs had full and adequate due process in the state court proceedings that ultimately led to the court orders requiring the plaintiffs to remove the house from the property. Over the course of ten years, numerous proceedings took place during which the plaintiffs had all of their rights with respect to the covenant and their initial building permit fully litigated. The procedural history of this case shows that the plaintiffs have clearly had due process and any claim to the contrary is ludicrous.

The state court proceedings began in 1989 after East Vincent Township issued the plaintiffs a building permit. Based on the restrictive covenant contained in the plaintiffs' deed, the defendants filed suit in state court to enjoin the plaintiffs from building the house. *See* Order of Sup.Ct.

of Pa., Oct. 1993 (Doc. No. 82, Ex. C). The court of common pleas denied the defendants' petition for a preliminary injunction. *See id.* While the matter was still pending before the court of common pleas, the plaintiffs proceeded to build a 4900 square feet house on the property. *See id.* After the matter was tried on the merits, the court of common pleas denied defendants' request for an injunction. *See id.* However, after finding that the trial court misinterpreted the restrictive covenant, the superior court reversed the trial court's decision. *See id.* The Pennsylvania Supreme Court initially allowed an appeal but ultimately dismissed it as improvidently granted. *See French & Pickering Creeks Conservation Trust, Inc. et al. v. Natale et al.,* 539 Pa. 580, 654 A.2d 527 (1995)(per curiam).

On July 5, 1996, the court of common pleas, after a hearing, entered judgment and a permanent injunction requiring the plaintiffs to remove the house within six months. *See* Order of Chester County Ct. C.P., July 5, 1993 (Doc. No. 82, Ex. D). Although the plaintiffs did not appeal this order, they refused to comply with it. *See* Order of Judge Sugerman, Chester County Ct. C.P., July 17, 1997 (Doc. No. 82, Ex. E). On July 17, 1997, the court of common pleas entered an order holding the plaintiffs in contempt of the July 7, 1996 order and ordering them to remove the house by December 31, 1997. *See id.* The court also entered a supplementary judgment against the plaintiffs to provide funds for the defendants to remove the house if the plaintiffs refused to do so themselves. *See id.* On December 3, 1997, the plaintiffs' motion to vacate the July 17, 1997 order was denied. *See* Order of Judge Gavin, Chester County Ct. C.P., Dec. 3, 1997 (Doc. No. 82, Ex. F). The plaintiffs appealed to the superior court but withdrew

the appeal before it was considered. *See id.*

On September 17, 1998, after the plaintiffs refused to remove the house, the court of common pleas, after a hearing, entered an order allowing the house to be demolished by the defendants. *See* Order of Judge Sanchez, Chester County Ct. C.P., Sept. 17, 1998 (Doc. No. 82, Ex. G). On October 22, 1998, the court of common pleas, after holding an additional hearing, ordered the plaintiffs to vacate the house no later than October 29, 1998 at 5:00 p.m. *See* Order of Judge Sanchez, Chester County Ct. C.P., Oct. 22, 1998 (Doc. No. 82, Ex. H).

Second, Counts III and IV fail as a matter of law because the plaintiffs have failed to identify any violations of the state procedures governing the execution of a duly obtained court order requiring demolition of the plaintiffs' house. Specifically, the plaintiffs have not established that a specific provision of the Zoning Ordinance or the Pennsylvania Municipalities Planning Code requires notice and hearing before the execution of duly obtained court orders requiring the demolition of a house or that any federal authority requires notice and hearing before the execution of duly obtained court orders.

The second amended complaint directs the court's attention to §§ 1601 and 1611 of the Zoning Ordinance. *See* Second Am. Compl. ¶¶ 11, 23, 44, & 49. Section 1601 states that "no building or structure shall be ... demolished ... *except in conformity with this Ordinance.* ..." Zoning Ordinance § 1601 (Doc. No. 70, Ex.)(emphasis added). Section 1611 states that an "aggrieved owner or tenant of real property who shows that his property or person will be substantially affected" by the alteration of any building or structure *"in violation of this Ordinance,"* "may institute any appropriate action or proceeding to prevent, restrain, correct or abate [the action] *constituting a violation." Id.* at § 1611 (emphasis added).

However, the plaintiffs have failed to allege a basis for notice or a hearing under either of these sections of the Zoning Ordinance because they have not offered evidence that the demolition of the house was not "in conformity with," or was "in violation of," the Zoning Ordinance. The only procedural requirements set forth in the sections of the Zoning Ordinance submitted by the plaintiffs are found in § 1606. Section 1606 basically requires that a party interested in demolishing a building must: 1) submit an application for a building permit to the Building Inspector, and 2) receive a building permit prior to demolition. *See* § 1606 A–B. The defendants submitted an application for a building permit to the Building Inspector on October 29, 1998 and the permit was issued to them on November 20, 1998, approximately four days before the house was demolished. Pet. for Review of the Issuance of and for a Stay Restraining Any Use of a Demolition Permit Ex. C (Doc. 82, Ex. M2). As a result, the defendants clearly complied with the procedural requirements of § 1606. Because, the defendants, apparently, have not violated the Zoning Ordinance, the plaintiffs have failed to establish that they were entitled to notice or hearing under the Zoning Ordinance.

Moreover, the sections of the Zoning Ordinance that the plaintiffs submitted to the court do not state that *any* additional procedures are required before a house can be demolished pursuant to duly obtained court orders. And the plaintiffs have failed to submit any federal authority that indicates that additional notice and hearing are required before the execution of duly obtained court orders. As a result, the plaintiffs have not established that the state procedures for challenging the depri-

vation of their protected property interests were violated or that the state procedures do not satisfy the requirements of procedural due process.

Finally, Counts III and IV fail as a matter of law because the plaintiffs clearly did receive due process in the execution of a duly obtained court order requiring demolition of the plaintiffs' house. On October 29, 1998, the defendants applied for a demolition permit. *See* Pet. for Review of the Issuance of and for a Stay Restraining Any Use of a Demolition Permit Ex. C (Doc. 82, Ex. M2). Although the plaintiffs claim that they were unaware of the defendants' application for a demolition permit, soon thereafter, the plaintiffs filed a motion in this court to enjoin demolition. *See* Mot. for Temporary Restraining Order and Preliminary Injunction (Doc. No. 31). On November 9 and 16, 1998, I held proceedings on the issue but the plaintiffs decided to withdraw their motion for a preliminary injunction. *See* Order of Nov. 17, 1998 (Doc. No. 39). During the November 16, 1998 hearing, the defendants agreed to defer demolition until November 23, 1998. *See* Mem. in Support of Defs.' Mot. for Summ. J. at 4 (Doc. No. 82). On November 20, 1998, the building inspector issued the defendants a demolition permit. *See* Pet. for Review of the Issuance of and for a Stay Restraining Any Use of a Demolition Permit Ex. C (Doc. 82, Ex. M2). On that very day, at approximately 5:00 p.m., the plaintiffs were notified that the demolition permit had been issued. *See* Pls.' Resp. to Defs.' Interr. at 6 (Doc. No. 82, Ex. M). After being notified that the demolition permit had been issued, the plaintiffs filed a petition in the court of common pleas for a stay of demolition. *See* Pet. for Review of the Issuance of and for a Stay Restraining Any Use of a Demolition Permit (Doc. 82, Ex. M2). On November 23, 1998, Judge Sanchez held a hearing and denied the plaintiffs' petition.

*See* Order of Judge Sanchez, Chester County Ct. C.P., Nov. 23, 1998 (Doc. 82, Ex. L). On November 24–25, 1998, the home was demolished. *See* Mem. in Support of Defs.' Mot. for Summ. J. at 4 (Doc. No. 82).

The plaintiffs were notified when the defendants were issued a demolition permit. Therefore, the plaintiffs had the opportunity to appeal the issuance of the permit to the Zoning Hearing Board. The plaintiffs also could have asked the court of common pleas to revoke the permit or to grant a stay on the basis that the permit was incorrectly issued. However, the plaintiffs did not take either of these actions. Instead, the plaintiffs filed a petition in the court of common pleas to stay the demolition. After holding a hearing, Judge Sanchez rejected the plaintiffs' petition. Although the plaintiffs could have appealed this ruling to the superior court, and sought a stay from that court, they declined to do so. Because the plaintiffs had actual notice that the demolition permit had been issued and they had the opportunity to be heard, I conclude that the plaintiffs received all of the process which was due in the execution of a duly obtained court order requiring demolition of the house.

Thus, the defendants are entitled to judgment as a matter of law on the plaintiffs' § 1983 claims. As a result, I will grant the defendants summary judgment on Counts III and IV.

## II. Count V.B

As noted above, Count V is a § 1985(3) conspiracy claim based on violations of the Fifth Amendment due process clause because of the taking of their electricity and the enforcing of the demolition order. Defendants argue that summary judgment should be granted in their favor on Count

V.B because the plaintiffs have not identified any inadequacies in the state procedures governing the execution of a duly obtained court order requiring demolition of the plaintiffs' house. Specifically, the defendants point out that the plaintiffs have failed to identify "any zoning ordinance, municipal planning code and/or any federal law which would create a right to additional notice before the execution of a duly issued court order." See Defs.' Mot. for Summ. J. ¶ 23 (Doc. No. 82).

In order to state a cause of action under § 1985(3), a plaintiff must allege:

(1) a conspiracy; (2) [that the conspiracy was] motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to [sic] the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold,* 112 F.3d 682, 685 (3d Cir.1997)(citing *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983); *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)). As noted above, when the nonmovant bears the burden of persuasion at trial, the moving party may meet its initial burden and shift the burden of production to the nonmoving party "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548. As a result, summary judgment will be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548.

In a prior opinion I pointed out that, as with the § 1983 claims of Counts III and IV, the plaintiffs' first amended complaint lacked allegations that the plaintiffs were actually deprived of due process. See *Natale et al.,* 1999 WL 1134535, at *8. In particular, I noted that the plaintiffs had failed to indicate the particular source of their right to notice and hearing and that Count V.B would not survive unless the plaintiffs, in their second amended complaint, identified "the specific zoning ordinance and the specific provision or provisions thereof, the specific provision or provisions of the municipalities planning code, and/or the particular authority under federal law on which the plaintiffs rely in their claim in Count V.B that further notice and hearing were necessary before the court orders were executed." *Id.* at *8 n. 9. Thus, the primary question for the court is whether, in their second amended complaint or other evidence submitted, the plaintiffs have established that their rights under the Fifth Amendment due process clause have been violated.

As discussed above with regard to Counts III and IV, the plaintiffs have failed to identify any inadequacies in the state procedures governing the execution of a duly obtained court order requiring demolition of the plaintiffs' house. In particular, they have failed to set forth the specific provision of the Zoning Ordinance or the Pennsylvania Municipalities Planning Code that requires notice and hearing before the execution of duly obtained court orders requiring the demolition of a house or any federal authority requiring notice and hearing before the execution of duly obtained court orders. As a result, the plaintiffs have failed to establish that the state procedure for challenging the deprivation of their protected property interests does not satisfy the requirements of procedural due process. Moreover, even if the

plaintiffs had identified an inadequacy in the state procedure governing the execution of a duly obtained court order requiring demolition of the house, the plaintiffs have failed to show that a violation of due process has occurred in this case. Thus, as with the plaintiffs' § 1983 claims, the defendants are entitled to judgment as a matter of law on the plaintiffs' § 1985(3) claim. Therefore, I will grant the defendants summary judgment on Count V.B.

## CONCLUSION

I will grant defendants' motion for summary judgment with regard to Counts III, IV, and V.B, the plaintiffs' sole remaining federal claims.

The plaintiffs' other remaining claims, Counts I and VIII–XIV, are based on state law. Under 28 U.S.C. § 1367(c), a court may decline to exercise supplemental jurisdiction when it has disposed of all the claims over which it has original jurisdiction. Because I decline to exercise supplementary jurisdiction over the plaintiffs' remaining claims, I will dismiss these claims without prejudice for lack of jurisdiction.[3]

An appropriate order follows.

### Order

AND NOW, this day of May, 2001, upon consideration of defendants' motion for summary judgment, plaintiffs' response in opposition, defendants' reply, and other evidence submitted by the parties, IT IS HEREBY ORDERED that defendants' motion for summary judgment is GRANTED and judgment is entered for the defendants and against the plaintiffs on Counts III, IV, and V.B. Because the plaintiffs' remaining claims are all based on state

law, and I decline to exercise supplementary jurisdiction over these claims, Counts I and VIII–XIV are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

The Clerk is directed to close this case for statistical purposes.

---

**3.** Although, in their second amended complaint, the plaintiffs allege diversity jurisdiction, *see* Second Am. Compl. ¶ 2(a), because at least one of the plaintiffs and one of the defendants are residents of Pennsylvania, *see* First Am. Compl. ¶¶ 3–9, it is clear that this court only has federal question jurisdiction over the plaintiffs' complaint. *See* 28 U.S.C. § 1332(a)(1).